UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PUTIAN AUTHENTIC ENTERPRISE MANAGEMENT CO., LTD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No.  5:22-cv-01901-EJD<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 4 |

Plaintiffs Putian Authentic Enterprise Management Co., Ltd, Fuzhou Haina Hongyi Network Technology Co., Ltd, Fuzhou Baidai Network Technology Co., Ltd., Nanchang Huimeng Network Technology Co., Ltd., Suzhou Chenghe Network Technology Co., Ltd. asserting the following claims against Defendants Meta Platforms, Inc. ("Meta") and Does 1-10: (1) declaratory judgment under 28 U.S.C. § 2201; (2) intentional interference with a contract; (3) intentional interference with prospective economic advantage; (4) promissory estoppel; (5) breach of contract; (6) breach of the implied covenant of good faith and fair dealing; (7) unlawful and unfair conduct in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; and (8) negligence.  Compl., Dkt. No. 1.  Plaintiffs now move for a temporary restraining order ("TRO") and preliminary injunction enjoining Defendants from denying Plaintiffs access to their Facebook Business Manager accounts.  Not. of Mot., Dkt. No. 4; Mem. of Law in Supp. of Plfs.' Mot. for TRO and Prelim. Inj. ("Mot."), Dkt. No. 4-1.

The Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Having considered Plaintiffs' submission, the Court DENIES the motion for a

TRO and preliminary injunction.

## I. BACKGROUND

Plaintiffs are social media marketing companies whose businesses are based on providing clients access to Meta's marketing tools and audience on the Facebook social media platform. Decl. of Chen Xin in Supp. of Mot. for TRO and Prelim. Inj. ("Chen Decl."), Dkt. No. 6 ¶¶ 7-10. They act as "middlemen" for e-commerce vendors and Meta by purchasing ad space from Meta and then reselling it to the vendors, and as such, are "utterly reliant on the Meta advertising platform." *Id.*

In December 2021, Plaintiffs became aware that Meta intended to "banhammer" their Facebook Business Manager accounts for "perpetuating misleading e-commerce, celeb bait and business impersonation via an abuse pattern we call agency scaling." *Id.* ¶ 24. Plaintiffs retained counsel, who then served a demand letter on Meta regarding what Plaintiffs believed was arbitrary and capricious enforcement of Meta's Terms of Service and requesting an opportunity for hearing or other review process. *Id.* ¶ 25; *see also* Compl. ¶¶ 29. Plaintiffs received no response from Meta. Chen Decl. ¶ 25.

On March 14, 2022, Meta sent a letter to Plaintiffs' counsel stating that "Meta has completed its investigation into this matter and determined your clients have violated Meta's terms and policies. More specifically, each of your clients are responsible for deceptive and misleading advertisements on Facebook that violate Meta's terms and policies." *Id.* ¶ 26. On March 22, 2022, Meta shut down Plaintiffs' Business Manager accounts. *Id.* ¶¶ 17-21.

On March 24, 2022, Plaintiffs filed this action and the motion now before the Court. Dkt. Nos. 1, 4.

## II. LEGAL STANDARD

The standard for a TRO is the same as for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

Case No.: 5:22-cv-01901-EJD
ORDER DENYING MOT. FOR TRO

and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

To grant preliminary injunctive relief, a court must find that "a certain threshold showing [has been] made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Assuming that this threshold has been met, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

### III. DISCUSSION

Having reviewed Plaintiffs' moving papers, the Court finds that they have not demonstrated that they are entitled to extraordinary relief. In particular, the Court finds that Plaintiffs have not made an adequate showing that irreparable harm is likely without injunctive relief.

Plaintiffs assert that absent injunctive relief, they will suffer irreparable harm in the form of (1) being driven out of business, and (2) a loss of current and prospective customers. Mot. at 11–14. The Court addresses each argument in turn.

Although "[m]onetary damages are not usually sufficient to establish irreparable harm[,] . . . [t]he threat of being driven out of business is sufficient to establish irreparable harm." *Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473–74 (9th Cir. 1985). "A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). "Speculative injury cannot be the basis for a finding of irreparable harm." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007). Plaintiffs rely primarily on the declaration of Chen

Case No.: 5:22-cv-01901-EJD
ORDER DENYING MOT. FOR TRO

3

1   Xin, the Chief Operating Officer for all Plaintiffs. Chen attests that Plaintiffs stand to lose an
2   estimated collective $1.12 million per day, and that "[w]ith deactivated accounts, [Plaintiffs']
3   business will immediately and entirely shut down." Chen Decl. ¶¶ 22-23. Such conclusory
4   statements cannot support injunctive relief. *Stackla, Inc. v. Facebook Inc.*, No. 19-cv-05849-PJH,
5   2019 WL 4738288, at *5 (N.D. Cal. Sept. 27, 2019) (rejecting TRO where "Plaintiffs do not offer
6   any indication about their financial strength or the likelihood that they will dissolve as going
7   concerns at any particular point in time"); *see also Facebook, Inc. v. BrandTotal Ltd.*, 499 F.
8   Supp. 3d 720, 735–37 (N.D. Cal. 2020) (denying TRO where movant failed to address any
9   timeline under which it would be forced to cease operations); *AboveGEM, Inc. v. Organo Gold
10  Mgmt., Ltd.*, No. 19-cv-04789-PJH, 2019 WL 3859012, at *5 (N.D. Cal. Aug. 16, 2019) (denying
11  a TRO where the plaintiff did "not offer any indication of when it would be driven out of business,
12  or underlying financial information that would demonstrate imminent, irreparable harm"
13  (emphasis added)); *Int'l Medcom, Inc. v. S.E. Int'l, Inc.*, No. 15-cv-03839-HSG, 2015 WL
14  7753267, at *5 (N.D. Cal. Dec. 2, 2015) (denying a preliminary injunction where the plaintiff
15  failed to show that its "survival [was] a matter of weeks or months"). Here, Chen asserts that
16  Plaintiffs will "immediately and entirely shut down" but provides insufficient financial
17  information that would support that claim. While Plaintiffs may indeed lose $1.12 million per
18  day, Chen attests that Plaintiffs collectively earned approximately $68 million in gross revenue in
19  2021 and that Plaintiffs provide additional services beyond utilizing their Facebook ad space.[1]
20  Chen Decl. ¶¶ 9, 12, 13, 17-21. It is not apparent that Plaintiffs' financial status is so dire that they
21  were immediately thrown into financial destitution when Meta shuttered their accounts on March
22  22. Plaintiffs have provided some evidence that they are experiencing a loss of revenue, but not
23  that they have been driven out of business entirely.
24         As to the loss of current and prospective customers, Chen does not identify any specific

---

[1] Plaintiffs argue that those services are "solely added as add-ons to clients who engage Plaintiffs to provide advertising assistance through their Meta [Business Manager] Accounts," but the Chen Declaration does not so state. Mot. at 12.

Case No.: 5:22-cv-01901-EJD
ORDER DENYING MOT. FOR TRO
4

current or prospective customer that Plaintiffs lost as the result of Meta's actions. *See id.* ¶¶ Plaintiffs have therefore not demonstrated that such harm is likely to transpire. *Stackla*, 2019 WL 4738288, at *4 (no irreparable harm in the form of lost client relationships where plaintiff did not identify even a single client it had lost or stood to lose); *cf. BrandTotal*, 499 F. Supp. 3d at 735–36 (finding potential harm from "loss of prospective customers or goodwill" sufficiently difficult to valuate where movant provided evidence from specific identified existing and potential customers).

Because the Court finds that the Plaintiffs have not demonstrated a likelihood of irreparable harm absent a TRO, it does not consider the remaining *Winter* factors. *See Winters*, 555 U.S. at 22; *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1223 (9th Cir. 2017).

## IV.     CONCLUSION

For the foregoing reasons, the Court DENIES the motion for a TRO and preliminary injunction.

**IT IS SO ORDERED.**

Dated: March 25, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-01901-EJD
ORDER DENYING MOT. FOR TRO

5